UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-209 |
| | NEW ORLEANS, LOUISIANA |
| VS. | MONDAY, JANUARY 11, 2010 |
| | 2:00 P.M. |
| SCOTT D. LEMOINE | SECTION "A" |


**HEARING ON RULE TO REVOKE SUPERVISED RELEASE**
BEFORE THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT COURT JUDGE


A P P E A R A N C E S:

| | |
|---|---|
| FOR THE UNITED STATES<br>OF AMERICA: | EMILY K. GREENFIELD<br>U.S. Attorney's Office<br>Hale Boggs Federal Building<br>500 Poydras Street, Room 210<br>New Orleans, Louisiana 70130<br>(504) 680-3000 |
| FOR THE DEFENDANT,<br>SCOTT D. LEMOINE: | GEORGE CHANEY, JR.<br>U.S. Public Defender's Office<br>Hale Boggs Federal Building<br>500 Poydras Street, Room 318<br>New Orleans, Louisiana 70130<br>(504) 589-7930 |
| REPORTED BY: | VICTOR D. Di GIORGIO, CCR<br>OFFICIAL COURT REPORTER<br>500 Poydras St., Room HB 406<br>New Orleans, Louisiana  70130<br>(504) 589-7782 |

Proceedings recorded by mechanical stenography.
Transcript produced by computer aided transcription.

```
 1                      P-R-O-C-E-E-D-I-N-G-S
 2                    (MONDAY, JANUARY 11, 2010)
 3              (2:00 P.M.   -   AFTERNOON SESSION)
 4                       (COURT CALLED TO ORDER)
 5           THE DEPUTY CLERK:  All rise.
 6           THE COURT:  Good morning.
 7           Please be seated.
 8           THE CLERK:  Criminal Action 06-209.  The United States
 9   versus Scott D. Lemoine.
10           Counsel, make your appearance, please.
11           MS. GREENFIELD:  Emily Greenfield for the United
12   States. Along with Mike Manger.
13           MR. CHANEY:  George Chaney appearing on behalf of Scott
14   Lemoine who's present in Court, Your Honor.
15           THE COURT:  All right.  Thank you.
16           Before me is a Rule to Revoke Supervised Release
17   brought against the defendant Scott D. Lemoine.  It lists three
18   grounds which I find on page two.
19           Mr. Chaney, what is your client's position concerning
20   these three grounds which form the basis of the Rule to Revoke
21   Supervised Release?
22           MR. CHANEY:  Your Honor, just as a practical matter,
23   Mr. Lemoine was not on supervised release.  Supervised release
24   is a condition that comes after a person has been convicted of a
25   crime.  Mr. Lemoine has never been convicted of any crime.
```

1      Mr. Lemoine was on a conditional release, conditional
2 release related to specific conditions that he had to comply
3 with relating to issues of mental health and his continued
4 treatment, mental health treatment.  It is my understanding that
5 he has been completely complying with the terms of his
6 conditional release, therefore, with respect to this Rule to
7 Revoke Supervised Release, we would object to it in the first
8 place, because he is not on supervised release.  He was on a
9 conditional release with conditions set by this Court relating
10 to his continued treatment going forward, and as I said, I think
11 he has been substantially complying with those terms.
12      Information from his supervising officer, Scott Stipe
13 was transmitted to Ms, Schneckenburger, who is with this office,
14 and I think her testimony would be that he has been complying
15 with the terms of his conditional release, Your Honor.
16      THE COURT:  Okay.  I'm looking at my order for
17 conditional release.  I'm looking page 2 of my order.  Grounds,
18 number one, condition number one.  He shall not commit another
19 federal, state, or local crime during the term of supervision.
20 And Number 4, he shall refrain abstinent from all unprescribed
21 mood altering substances, including alcohol and comply with
22 periodic blood or urine screening to monitor for drug use.  So I
23 do agree with you that technically this should not be, I guess,
24 a Rule to Revoke Supervised Release, but I guess a rule to
25 revoke conditional release.

1        The bottom line is, as I understand the law, did he
2   violate the terms of the release, be it supervised release or be
3   it conditional release?
4        Now, Mr. Chaney, if you feel prejudiced in any way in
5   your defense that we not proceed today since this is not a Rule
6   to Revoke Supervised Release, I'll reset this for another day,
7   otherwise, let's proceed.
8        MR. CHANEY:  Your Honor, the point I wanted to make
9   with respect to this thing is that there are some specific
10  things that the Court can do with respect to supervised release
11  and I want to make clear that those same provisions may not be
12  available to the Court, including incarceration for violations
13  of the terms of a supervised release.
14       I think with respect to what options are available to
15  the Court, they go to 18 U.S.C., I think, 4223, and specific
16  things that the Court has available with respect to how it would
17  deal with a violation of terms of conditional release, so I
18  wanted to make the distinction, it wasn't just for the name, but
19  also with respect to what remedies might be available and then
20  how those things are going to be done.
21       THE COURT:  I understand.  Basically what you're
22  suggesting is perhaps medical treatment or medical evaluation
23  versus incarceration.
24       MR. CHANEY:  Absolutely, Your Honor.
25       THE COURT:  I understand that.  I understand, and I

1  agree with you.

2          Go ahead, Mr. Chaney.

3          MR. CHANEY:  We're ready to go forward with the
4  violation of the terms of conditional of release.  If the
5  government has witnesses with respect to the conditions, we're
6  ready to proceed.

7          THE COURT:  So your client is denying all three of the
8  allegations that are made in this rule?

9          MR. CHANEY:  Your Honor, I think we would stipulate to
10 the fact that in June of 2009, Mr. Lemoine submitted a drug test
11 that was positive for marijuana.  I think that if Mr. Stipe were
12 to testify he would testify consistent with that.  I think if
13 Ms. Schneckenburger was called she would testify, I'm more than
14 sure, she would testify consistent with that.

15         THE COURT:  How about the first two conditions.  Is
16 your client the same Scott D. Lemoine who was arrested on
17 December 21st, 2009 by the Tangihopia Parish Sheriff's office
18 and charged with cyber stalking?

19         MR. CHANEY:  I would submit that my client was
20 arrested.  He has not committed any crime.  He has pled not
21 guilty.  Those charges have not been disposed of, and anyway
22 they are allegations.  I think, on its face, the documents that
23 the government relies on that were submitted in connection with
24 Tangipahoa dealt with the conditions or the -- the essential
25 elements for cyber stalking with respect to the first charge,

1  and I think there are some real issues with respect to the
2  witness, Mr. Brian Register, who has an open case in front of a
3  judge that Mr. Lemoine is alleged to be contracting with him to
4  take action against, I think, that there are some real issues
5  with respect to that, so Mr. Lemoine has pled not guilty to
6  those charges.  He is saying that he has not committed those
7  charges.  The allegations have been made though, Your Honor.
8         THE COURT:  So the allegations he's -- I would suspect
9  that he hasn't pled guilty yet, because I doubt that his
10 arraignment has taken place this quickly, but he's maintaining
11 his innocence --
12        MR. CHANEY:  Absolutely.
13        THE COURT:  -- is what you're telling me.  Okay, but he
14 is the same Scott Lemoine who was arrested on December 21st,
15 although he denies the charges, to the cyber stalking, and he is
16 the same Scott Lemoine who was arrested on December 24th for
17 solicitation of murder of a judge, and again he denies those
18 charges, but do you concur that he is the same person who was
19 arrested on that for those charges?
20        MR. CHANEY:  Your Honor, for the record, Mr. Lemoine
21 went in to speak with a Detective Auguillard who had been in
22 contact with him when he was in Arizona.  Mr. Lemoine told Mr.
23 Aguillard he would be in Tangipahoa Parish for the holidays.
24 Mr. Aguillard asked Mr. Lemoine to go in on the 21st.  Mr.
25 Lemoine went in, spoke with Mr. Aguillard, he was arrested, and

1  then subsequently he was rebooked, I think, on the 24th.  Mr.
2  Scott Lemoine, yes, sir, was rebooked on the charge of
3  soliciting murder.
4          THE COURT:  And you do admit though, you stated, I just
5  want to make sure I understand the allegation that was made by
6  the government and by probation, that on June the 18th, 2009, he
7  submitted a urine specimen which tested positive for marijuana?
8          MR. CHANEY:  That's correct, Your Honor.
9          THE COURT:  All right, sir.  Thank you.
10         Ms. Greenfield.
11         MR. CHANEY:  That's not contested.
12         MS. GREENFIELD:  Your Honor, first, the government
13 moves to orally amend the cover and whatever improper language
14 where ever it's cited that this is rule to revoke supervised
15 release.  Your Honor, we do apologize.  Yes, we realize it's a
16 rule to revoke conditional release.
17         THE COURT:  Okay.  Mr. Chaney, do you have any
18 objection to the amendment that this now be considered a Rule to
19 -- and that the Court today consider a Rule to Revoke
20 Conditional Release as opposed to supervised release?
21         MR. CHANEY:  Your Honor, I have no objection to them
22 amending it or filing an amended pleading into the record at any
23 time.
24         THE COURT:  And you're ready to go forward today or do
25 you want to time to prepare for the Rule to Revoke Conditional

1  Release?
2          MR. CHANEY:  Your Honor, we would go forward today.
3  We're ready to go forward today.
4          THE COURT:   Thank you, sir.
5          MR. CHANEY:  Your Honor, given that -- it's my
6  understanding that the Court looks to go to the issue of the
7  December 24th, December 21st, allegations in this hearing?
8          THE COURT:  I'm just reading from the rule to revoke.
9          MR. CHANEY:  Okay.  Mr. Lemoine has told me that there
10 is a witness, that if we are going to dispose of those things or
11 address those things, that there is a witness in the Tangipahoa
12 Parish jail that he would like to have brought here for the
13 Court's consideration.  It bears on the issue of a note that has
14 been submitted in connection with the charge of soliciting
15 murder, and there may even be an issue of handwriting, and we
16 may need to get someone to take a look at the handwriting
17 included in that.  So given my client's position, I'm here to
18 represent him in that capacity, I'd like to have those -- since
19 he wants to have those witnesses or that witness, potential
20 witness to address the author of the note since they are
21 purporting that he is the author of the note, I'd like to
22 continue this to have the opportunity to subpoena that witness
23 and bring that witness forward.
24         THE COURT:  Okay.  Ms. Greenfield, any objection?
25         MS. GREENFIELD:  The government does not have any

1  objection in terms of a full blown hearing.
2          THE COURT:  He needs to prepare a defense obviously.
3          MS. GREENFIELD:  Exactly.  It's clear, the law states
4  that they have a right to subpoena witnesses.  He has a right to
5  testify on his own behalf and have counsel present at every
6  stage of the proceedings underneath Title 18, United States
7  Code, 4243 the entire chapter and all the chapters that surround
8  that.
9          THE COURT:  Let me see counsel at the bench, off the
10 record, and probation.
11                 (OFF-THE-RECORD DISCUSSION)
12                      (ON THE RECORD)
13         THE COURT:  Is everybody ready to proceed?
14         MR. CHANEY:   Yes, Your Honor.
15         THE COURT:  Okay.  Just so the record is clear, I did
16 call counsel up to the bench based on the stipulation made by
17 the defendant that he in fact has violated condition Number 3,
18 which in the rule to revoke and that condition is June on 18th,
19 2009, Lemoine submitted a urine specimen which tested positive
20 for marijuana.  Lemoine admitted using marijuana on the occasion
21 of the positive.
22         Again, Mr. Chaney, is it still Mr. Lemoine's position
23 that he in fact violated that condition?
24         THE DEFENDANT:  Yes, sir.
25         MR. CHANEY:  Yes, Your Honor.

1           THE COURT:  All right, Mr. Lemoine.  The Court does not
2  see any need at this time to conduct a revocation hearing on the
3  first two allegations made; that is, the cyber stalking
4  allegation and also the solicitation of murder allegation based
5  on the fact that the defendant has stipulated to Number 3.
6  However, of course, the allegations made in Number 1 and 2 are
7  very serious allegations.  I do understand, based on what Mr.
8  Chaney has told the Court on the record as well as off the
9  record, that Mr. Lemoine does have at least one witness that he
10 would call in his defense of the allegations contained or the
11 first two allegations contained.
12          The fact that there was a stipulation that he did
13 violate condition Number 3, I'm going to revoke his conditional
14 release based on condition Number 3.
15          This Court is not giving a thumb's up or a thumb's down
16 as to conditions Number 1 and Number 2.  In other words, I'm not
17 revoking him on those first two conditions not because I do not
18 find that he violated those, but the Court has is not addressing
19 those at this time.  I am going to order that, and I'll make
20 this into a formal order in minute, but I just make to make sure
21 that we're all on the same page.  I am going to order that he be
22 committed to the Bureau of Prisons Medical Center, Rochester,
23 Minnesota, pursuant to 18 U.S.C., 4243, and I do want them to
24 consider allegations 1 and 2, although he's technically not
25 violated because of those, because these allegations are, of

1  course, very serious allegations, and I do want the folks at
2  Rochester, the Medical Center in Rochester, in giving a report
3  to the Court that it include that he has been evaluated for
4  conditions outlined in 1, and 2, and 3, and I certainly want
5  their opinion as it relates to whether or not he's a danger to
6  society or a danger to himself, and that's what I'm going to
7  direct the facility to give me an opinion on.  Is that your
8  understanding, Mr. Chaney, of this?
9          MR. CHANEY:  That's my understanding, Your Honor
10         THE COURT:  Ms. Greenfield, is that your understanding?
11         MS. GREENFIELD:  Yes, sir.
12         THE COURT:   Are we ready to proceed?
13         MR. CHANEY:  Yes, Your Honor.
14         THE COURT:  Prior to sentencing does Mr. Lemoine have
15  anything to say on his behalf?
16         MR. CHANEY:  Your Honor, just that Mr. Lemoine
17  stipulates to the marijuana usage, and subsequent to that was
18  tested and did not have any further positives.  He had been
19  largely complying with the terms of his conditional release, and
20  I think if he had been called today, Mr. Stipe would testify
21  consistent with that, and I spoke with him directly.  I think he
22  spoke with Ms. Schneckenburger, as we said, and explained to her
23  that that violation in June was the only violation with respect
24  to UA and subsequent violations -- subsequent tests did not have
25  any new violations of the terms of the conditional release.

```
 1            THE COURT:  Thank you.
 2            Mr. Lemoine, do you have anything else that you would
 3  like to add, sir?
 4            THE DEFENDANT:  It would be better if I would be
 5  quiet.
 6            THE COURT:  All right, sir.
 7            Ms. Greenfield, is there anything you would like to
 8  add?
 9            MS. GREENFIELD:  Your Honor, only that to extent you
10  had said something about the sentencing.  I think it's just an
11  order for --
12            THE COURT:  It's not a sentencing, it's an order, but
13  since he is going to remain detained, I certainly wanted to give
14  Mr. Lemoine, as well as his counsel, the opportunity to speak
15  prior to my ruling on the order.
16            MS. GREENFIELD:  Yes.  Well, I'm just making that
17  record clear.
18            And, Your Honor, the government does not object to the
19  return of Mr. Lemoine for evaluation to the Federal Medical
20  Center in Rochester, Minnesota, so that an evaluation can be
21  conducted of his mental status as well as his potential for
22  dangerousness to the public or his dangerousness to property.
23            THE COURT:  And it's going to be requested.  As I
24  explained to you both at the bench or all of you at the bench,
25  that I'll prepare the proper paperwork.  I just want to make
```

1  sure that since Mr. Lemoine is going to be under the custody of
2  the Attorney General at the Medical Center in Rochester for the
3  next at least 45 days, I want to make absolutely sure that his
4  time there is well spent, that he be given proper evaluation, so
5  we're going to draw up the paperwork, and I just want to make
6  sure that you all feel that it says everything in it that you
7  want it to say in it.
8        Upon consideration of the petition for revocation and
9  conditional release, the evidence and arguments presented at a
10 hearing pursuant to USC 4243(g), and based on stipulation by
11 counsel for the defendant, it is hereby ordered that the
12 petition is granted as it relates to condition Number 3, and
13 that the defendant's conditional release is revoked.
14        The Court is not addressing at this time the
15 allegations contained in Number 1 and Number 2 as it relates to
16 the cyber stalking, and as it relates to the solicitation of
17 murder.
18        The defendant is remanded to the custody of the
19 attorney general to be committed for treatment at a suitable
20 facility.  The Court recommends that the defendant be comitted
21 to the Bureau of Prisons Medical Center in Rochester, Minnesota.
22        When the director of the facility in which the
23 defendant is hospitalized determines that the defendant is
24 eligible for release according to USC 4243, the director shall
25 file a certificate with the clerk of this court, and this matter

1  shall be reset at that time.  As I said I am going to order that
2  the medical Center take into consideration all conditions
3  outlined in the rule to revoke and to give the Court a specific
4  recommendation diagnosis and prognosis as it relates to whether
5  or not this defendant is a danger to society.  A danger to these
6  alleged victims, and, of course, a danger to himself as well.
7  Time is of the essence, I know that, so I am going to order the
8  marshal as soon as humanly possible to transport Mr. Lemoine to
9  the Bureau of Prisons Medical Center in Rochester, Minnesota.
10             Anything further at this time, Ms. Greenfield?
11             MS. GREENFIELD:  No, Your Honor.
12             THE COURT:  Mr. Chaney?
13             MR. CHANEY:   Nothing, Your Honor.
14             THE COURT:  Good luck to you, sir.
15             Thank you very much.
16             THE CLERK:  Court's in recess.
17             All rise.
18                    *       *       *       *
19                         **C E R T I F I C A T E**
20        I, Victor D. Di Giorgio, Official United States Court
   Reporter in and for the Eastern District of Louisiana, do hereby
21 certify that the foregoing proceedings were taken down by me in
   shorthand at the time and place aforesaid, transcribed under my
22 personal direction and supervision, and that the preceding pages
   represent a true and correct transcription, to the best of my
23 ability and understanding.
24
                              S/Victor D. Di Giorgio
25                            Victor D. Di Giorgio, CCR
                              Official U.S. Court Reporter