UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-209 |
| | NEW ORLEANS, LOUISIANA |
| VS. | TUESDAY, JUNE 29, 2010 |
| | 10:30 A.M. |
| SCOTT D. LEMOINE | SECTION "A" |

**MOTION HEARING**
BEFORE THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S:

| | |
|---|---|
| FOR THE UNITED STATES<br>OF AMERICA: | EMILY GREENFIELD<br>MICHAEL MAGNER<br>U.S. Attorney's Office<br>Hale Boggs Federal Building<br>500 Poydras Street, Room 210<br>New Orleans, Louisiana 70130<br>(504) 680-3000 |
| FOR THE DEFENDANT,<br>SCOTT D. LEMOINE: | WARREN L. MONTGOMERY, ESQ.<br>321 North Vermont Street<br>Covington, Louisiana 70433<br>(985) 893-6585 |
| REPORTED BY: | VICTOR D. Di GIORGIO, CCR<br>OFFICIAL COURT REPORTER<br>500 Poydras St., Room HB 406<br>New Orleans, Louisiana  70130<br>(504) 589-7782 |

Proceedings recorded by mechanical stenography.
Transcript produced by computer aided transcription.

1          **P-R-O-C-E-E-D-I-N-G-S**

2            **(TUESDAY, JUNE 29, 2010)**

3         **(10:30 A.M.   -   MORNING SESSION)**

4              (COURT CALLED TO ORDER)

5       THE DEPUTY CLERK:  All rise.

6       THE COURT:  Good morning.

7       Please be seated.

8       THE DEPUTY CLERK:  This is Criminal Action 06-209.

9  United States versus Scott Lemoine.

10       Counsel announce their presence, please.

11       MS. GREENFIELD:  Emily Greenfield, and Mike Magner for

12  the United States.

13       MR. MONTOMERY:  May it please the Court, Warren

14  Montgomery on behalf of Mr. Lemoine.

15       THE COURT:  We had two motions that were set for this

16  morning.  The first one, motion for hearing on discharge, and

17  the second one was an Omnibus discovery motion.

18       The motion for hearing on discharge is moot now, as I

19  understand it, is that correct, Ms. Greenfield, after reading

20  your response?

21       MS. GREENFIELD:  Yes, the government's position was

22  that the law, I think is clear, that when someone's been revoked

23  that to the extent that they are to be a danger by the medical

24  director, and until such time as their condition's conveyed to

25  the Court that they could potentially be put back into society

```
 1  that you still have jurisdiction to have one of those hearings,
 2  but at this juncture we're not there yet, and it would be
 3  premature to have that conditional discharge hearing.
 4          THE COURT:  Well, that's your argument, I understand
 5  that, but I do have jurisdiction to make that determination,
 6  right?
 7          MS. GREENFIELD:  Yes, the conditional discharge you
 8  have jurisdiction to --
 9          THE COURT:  Fantastic.
10          MS. GREENFIELD:  -- consider that.
11          THE COURT:  So that will be denied as moot.  This Court
12  does have jurisdiction.
13          Let's now talk about the second issue.  The Omnibus
14  motion for discovery.
15          By the way, I received your motion for leave to
16  substitute corrected transcripts.  Since it's a motion, to the
17  extent I need to grant it, it's granted.
18          MS. GREENFIELD:  Thank you.
19          THE COURT:  All right.  Omnibus motion for discovery.
20          MS. GREENFIELD:  Your Honor, just to clarify, it was
21  the government's understanding this wasn't necessarily set for a
22  hearing, the government went ahead and answered the Omnibus
23  motion.
24          THE COURT:  You're absolutely right, it's not set --
25  you're correct, it's not set for hearing until next week.
```

1              Can we proceed today?  Are you ready to proceed?  If
2    you're not we won't, but since you both are here, let's talk
3    about it, and if you need a formal hearing on it, we'll do that,
4    but it's silly to come back next week, because you briefed this
5    very well.  And to the extent you disagree with any of my
6    rulings, either of you disagree with my rulings, we can keep
7    this open, since you might not be prepared now, but I think this
8    is discovery for crying out loud, I think we should be able to
9    proceed with it.
10             Let me tell you my thoughts on it, as we speak.
11   Instead of you arguing your positions, since you might not be
12   prepared to argue.  How does that sound?  All right.  I'm
13   prepared.
14             In reviewing the -- I think this is the defendant's --
15   what do you call, not necessarily defendant at this lage stage?
16   Petitioner, I guess?  Whatever.
17             MR. MONTGOMERY:  That sounds good to me, Your Honor.
18   I'll stipulate to that.
19             THE COURT:  All right.  That sounds good to you.
20             Mr. Lemoine.  He stipulated to something.  Boy, we're
21   on a roll now, but now you're going to owe him; you understand
22   that.
23             Warren states in his letter refusing to provide any
24   discovery, the government raises three reasons.
25             One, the possibility of this Court has been divested --

1  I guess that's moot now.
2          Two, that the present proceeding is a civil proceeding,
3  and not a criminal proceeding making discovery inapplicable.  I
4  disagree with that.
5          Three, some medical records that were requested in
6  discovery were not discoverable for confidentiality reasons.
7          Let's talk about the specifics.  I'm looking at page 14
8  of Lemoine's memorandum, because it's pretty much -- I'm looking
9  at pages 14 through -- really 15 through -- no, let's go to page
10 16.  Lemoine's specific discovery requests.  Let's just go
11 directly to the specific requests.
12         And again, let's try to get this resolved today to the
13 extent that if either party needs more time to amend whatever
14 they argue today I'm not going to blind side you since this
15 wasn't set until next week, I'll give you that time, but
16 hopefully we can get this resolved today.
17         Let's look at Lemoine's specific discovery requests.
18 Number one.
19         All documents and tangible things that were provided to
20 the doctors at Rochester.
21         Why do you oppose that?
22         MS. GREENFIELD:  We have not.  In fact, in our response
23 that we filed yesterday, and in fact today, Mr. Montgomery is
24 holding that.
25         MR. MONTGOMERY:  She's provided me those documents,

1  Your Honor.

2        THE COURT:  Okay.  Good.

3        So number one, I'm ordering that the government

4  produce, but I understand has been produced.

5        Number two, all documents and tangible things that the

6  government intends to introduce at any future hearing in this

7  case.

8        You've provided that?

9        MS. GREENFIELD:  Yes.  To the extent there isn't some

10 objectionable document down the road, but obviously if we're

11 going to have a hearing in the future we would exchange and we

12 would expect reciprocal discovery.

13       THE COURT:  So ordered.

14       Three, all statements made by Lemoine in any form,

15 written or oral.

16       That's a pretty broad statement, but as it relates to

17 this matter, no objection, is there, Ms. Greenfield?

18       MS. GREENFIELD:  My response is that we don't have any

19 statements other than transcription of Lemoine's interview with

20 with Detective Lentz and face book pages.

21       To the extent that hasn't already been provided by the

22 State, we did have some of that in the Rochester documents.

23       THE COURT:  To be clear, it's not the government's

24 responsibility, and I think we're going to be addressing this

25 with some of the other discovery that Warren has asked for on

1  the next page.  It's not the government's responsibility to
2  provide Warren with things that are not in the government's
3  possession and control.  You know, you can get that with your
4  discovery in the state court proceedings, so it's not incumbent
5  upon the government to go searching for this, unless, of course,
6  the government is going to use that in this proceeding.
7          MS. GREENFIELD:  Correct.
8          THE COURT:  However, if the government does have it in
9  its possession, I would like for you to go ahead and produce it
10 and provide it to Mr. Montgomery.
11         Number four, legible copies of three short letters that
12 Lemoine allegedly wrote to Register concerning the solicitation
13 of Judge Wolfe's murder.
14         Do you have legible copies?  I think you gave him what
15 you had.
16         MS. GREENFIELD:  I gave him what I have.  I mean the
17 copies that he now has, I think they're legible.
18         MR. MONTGOMERY:  I haven't examined them, Your Honor.
19 Hopefully they are, and obviously if they're legible, I'll be
20 satisfied.
21         THE COURT:  Again, she can only give you what she has,
22 you know.  All right.  That's fine.
23         Number five, any other evidence that exculpates or
24 tends to exculpate Lemoine.
25         Well, obviously whatever they have in their possession

1   they're going to give you.  If it's exculpatory, it's certainly
2   discoverable and Emily is a very professional person, she'll
3   give it to you.
4           I don't think there's any argument with any of these
5   five.
6           Emily, either produce them or you're unable to produce
7   them if they're not in your possession.
8           MS. GREENFIELD:  Correct.
9           THE COURT:  But in the event that's you get them in
10  your possession that you plan to use at the hearing, you'll
11  provide that to Mr. Montgomery.
12          MS. GREENFIELD:  Correct.
13          THE COURT:  Good.
14          Now, Lemoine further requests that a subpoena duces
15  tecum be issued requiring that the Tangipahoa Parish Sheriff's
16  Office provide him with the following documents and tangible
17  things that are not likely in the possession of the government.
18          Okay.  What is the legal basis for this Court to have
19  issued a subpoena duces tecum for matters that aren't going to
20  be used in this Court's proceeding?
21          MR. MONTGOMERY:  Well, Your Honor, I believe that it
22  would be my argument that these documents, or this information
23  maybe used in a hearing before this Court, in a proceeding
24  before this Court.
25          Without having reviewed the information, of course, I

1  can't proffer to the Court that I'm definitely going to use it,
2  but there are allegations by Mr. Lemoine that statements were
3  made by Detective Augillard which would show that he is in fact,
4  that Mr. Lemoine is in fact not guilty of the cyberstalking
5  charge.
6          THE COURT:  I understand all that, and I read that in
7  your memorandum, I recall reading that.  But my question to you
8  is -- and I'm not arguing with you, just educate me.
9          What authority do I have to allow to be issued in my
10 proceedings a subpoena duces tecum to the district attorney's
11 office or the sheriff's office in Tangipahoa Parish to produce
12 these documents in my proceedings?  I mean, if I have it, it's
13 done, it's that simple, but do I have that legal authority to do
14 that?  I don't know the answer.
15         MR. MONTGOMERY:  I believe as long as the information
16 is -- I believe you do have the legal authority, Your Honor, if
17 you're going to have a hearing concerning the merits of whether
18 or not my client is dangerous or suffers a mental condition.
19 These accusations in the state court, are in fact relevant to
20 the issue of dangerousness, and, I mean, I don't have a specific
21 statute, but I believe it's inherent in the Court's --
22         THE COURT:  Well, certainly if it's exculpatory, you're
23 entitled to it, number one; and number two, if the government
24 plans to use anything you're entitled to that.  You know, let's
25 do this.  It might be a little bit clearer if we go through

1  numbers 1 through 6, which you are requesting which form the
2  basis apparently of your subpoena duces tecum.
3           Number one, a transcript and audio or video recording
4  of Detective Aguillard's interview of Lemoine on December 21,
5  2009.
6           Emily, you don't have that, do you?
7           MS. GREENFIELD: No, I don't I have it, and the issue
8  that they -- I think that, Your Honor, what we stated in
9  responding to the Omnibus motion is that Mr. Montgomery hasn't
10 stated whether he's asked the State for these items and if it's
11 been refused to be be produced.  We right now don't have a
12 conditional hearing set.  There hasn't been a determination at
13 this time proper to have, and not only do we not have that
14 document, but whether or not he's guilty of violating the
15 Louisiana Cyberstalking Law is not really before this Court.  I
16 think as the risk assessment bore out it's a pattern of conduct.
17 It's what he actually did.  He actually sent those e-mails.  A
18 kind of a pattern of conduct, and that's what we submit, that
19 it's not really in front of Your Honor to disprove he violated
20 the criminal laws of Louisiana.
21          THE COURT: Well, but here's the problem, they're not
22 doing anything over there in Tangipahoa Parish, are they?
23          What is the status of Tangipahoa Parish?
24          MR. MONTGOMERY: Absolutely nothing, Your Honor, the
25 last --

1            THE COURT:  That's not fair to Mr. Lemoine, he's sort
2   of in never, never land at this point, because if they're
3   waiting for me to act to rule, I'm waiting for them to rule, and
4   as I told you all last time, you know, I'm not inclined to hear
5   the trial, if you will, of cyberstalking, the State Court charge
6   of cyberstalking, and state court charge of Solicitation for
7   Murder for hire, I'm not inclined to do that.  However, they
8   can't keep him -- it's not fair for him to have that hanging
9   over his head, and for me -- in other words, if I'm going to
10  revoke his conditional release based on those grounds, I'm going
11  to have a hearing on that.  I mean, that's only fair to the man.
12  We were not going to sit around and wait for the state to
13  operate, that's not fair to the man either, okay.  We all,
14  before Mr. Montgomery got involved thought it was in, quite
15  candidly, in Mr. Lemoine's best interest just to be revoked on
16  the drug usage or whatever it was that he admitted to so that we
17  could get him up there for that.
18           Here's what I'm going to do.  I don't think you're
19  entitled to all 1 through 6, but I'm going to allow you to issue
20  issue your subpoena duces tecum.
21           MR. MONTGOMERY:  Thank you, Your Honor.
22           THE COURT:  If they want to file a motion to quash,
23  that's not the government's job to do for them, that's
24  Tangipahoa Parish's job to do for them, for themselves, and if
25  they file a motion to quash, then we'll hear that.  You'll be

1  notified, Emily.  Although that will really be the argument
2  between probably the DA's office, I guess, and Warren.
3          I don't think you're entitled to all this stuff, but
4  you know what, maybe some of this stuff is going to lead to
5  exculpatory evidence, and you'll never know that unless you see
6  it, and I know the reason why you want this, you don't know
7  what's there.
8          MR. MONTGOMERY:  That's correct, Your Honor.
9          THE COURT:  You know what your client's told you, and
10 maybe what the other witnesses have told you, but you need to
11 look at it for yourself in representing your client.
12         MS. GREENFIELD:  And, your Honor, just so the record is
13 clear, from the government's prospective, too.  I think the
14 worst concerns that we had about comity and federalism issues
15 that maybe Your Honor is starting to touch on in terms of your
16 authority, at this juncture, I don't see that toward the
17 sheriff's office there will be any issue.  Obviously if you are
18 requesting state Court, I think that's probably where those
19 issues of comity and federalism get into it, but for the record,
20 the government has that in the back of its head, and --
21         THE COURT:  Okay.  I'm going to allow him to prepare a
22 subpoena duces tecum.  I want it returnable to counsel for Mr.
23 Lemoine on before July 15, 2010.  In the event that they fail to
24 produce it, it will be a rule to show cause.
25         MR. MAGNER:  Your Honor, may we make it returnable to

1  the Court?  That way both parties will have access to it.
2           THE COURT:  Good idea. It's going to be returnable to
3  the Court.  We're not going to have a followup date, we're just
4  going to say it's returnable to the Court on July 16th, 2010 at
5  noon, and then why don't we set up a status conference the
6  following week and that will insure that the Court has received
7  it and that you all have received copies of it, and if you have
8  not received copies of it then we'll address any other issues
9  resulting therefrom.
10          That will give the sheriff's office three weeks to get
11 these documents together.  I think that's sufficient time.
12          Okay.  So I'll state it, returnable July 16th, on or
13 before just July 16th at noon.  We're going to have a status
14 conference.  How do you all look for Thursday July 22nd, at
15 10:00 a.m.?
16          MR. MONTGOMERY:  Your Honor, I have a sentencing in
17 Baton Rouge before the Middle District at 9:30 that may take an
18 hour.  There maybe a little argument, Your Honor.  I don't know
19 if the Court is available in the afternoon, but I would request
20 if that's possible.  That sentencing has been continued a number
21 of times, and I hesitate to --
22          THE COURT:  No problem.  How do you all look for 2:00
23 o'clock?
24          MR. MONTGOMERY:  That's fine with me, Your Honor, 2:00
25 o'clock is fine.

1           THE COURT:  Emily, how do you look?

2           MS. GREENFIELD:  That's fine, Your Honor.

3           THE COURT:  So what we're going to do is we're going to

4   set this for a followup status conference in open court on July

5   the 22nd, 2010 at 2:00 p.m..

6           If you all want to call me on July the 16th to see if

7   we have received copies ask for Jake Poorman to see if we

8   received copies of the documents, and we'll have them available

9   for you all for pickup before the 22nd, and, Warren, you do not

10  have to make a special trip.  We'll just hand you your copy on

11  the 22nd, unless you want to come in before that to do that.

12  Fair enough?

13          MR. MONTGOMERY:  Thank you fair very much.

14          THE COURT:  Thank you all for coming in.

15          Anything else we need to discuss?

16          MR. MONTGOMERY:  Your Honor, the only other issue, I

17  believe that, since we're here, as you mentioned earlier, when

18  we were discussing these issues, the government indicated that

19  this Court would not have -- in their response that this Court

20  would not have the authority to hold a hearing on these matters

21  unless there was a -- I want to use the word, a certificate

22  filed by the Federal Medical Center, is that correct?

23          MS. GREENFIELD:  That's correct.

24          THE COURT:  I thought she said it was premature.  I

25  don't think she said that I couldn't hear it, but I might not

1  have the complete record of it.
2          MS. GREENFIELD:  That it's premature.  That there
3  hasn't been findings by the Rochester evaluators to say that
4  their condition on which he could be released could present a
5  danger.  I think that be premature in some indication that there
6  were those conditions.
7          THE COURT:  Here's what I propose to do.  We're not
8  going to wait around for them necessarily, but for them to make
9  an accurate assessment, I think they should have a copy of
10 whatever we receive in the subpoena duces tecum, so they can
11 look at that as well, because right now all they're going to
12 have in front of them is Mr. Lemoine's statements and his
13 history as given by Mr. Lemoine, and I think that would be in
14 the interest of justice that they have the full picture.  Now,
15 we're not going to let them sit on it.  I mean, once we get
16 these documents and we forward them to them, I'm going to give
17 them a month to go ahead and give us a report, and we will have
18 that hearing, and we will get the guy teleconferenced like we
19 did like one time before in this case, and if they're not
20 prepared to go, then they'll have to deal with me on that.
21         MS. GREENFIELD:  And, Your Honor, it's my understanding
22 that the Rochester guy may continue to be looking for
23 conditional discharge plans for all of their committee.  I mean,
24 they don't just sit on them and people are constantly evaluated
25 and the community release plans are always being formulated and

1   developed.

2           MR. MONTGOMERY:  I just wanted to make a point, Your
3   Honor, that my understanding is under Title 18, Section 4244
4   that you do have the authority to hold a hearing whether or not
5   they in fact provide a report to you, and that is what I'm going
6   to ask the Court to do ultimately.

7           THE COURT:  I plan to have a hearing.  As I told you I
8   plan to have a hearing.  For the hearing to make any sense to
9   me, and, of course, to make better use of all of our time, and
10  for the testimony to make better sense to me, I want to have a
11  complete evaluation be done.  We're not going to delay this
12  though, and I understand your concern.  None of us want to
13  Rochester to put this on the back burner, and I'm not going to
14  let this happen, but I do want Rochester to have all the
15  documents for their review, and what we will do is when we have
16  the return on the subpoena duces tecum, which I'm ordering that
17  we get, we will send a copy to Rochester, and I will order that
18  they provide us with a report within 30 days.  We will set the
19  hearing in 30 days.

20          MR. MONTGOMERY:  Thank you, Your Honor.

21          THE COURT:  From the that point, we'll have the guy
22  testify via the teleconferencing, and we will all hear what he
23  has to say.

24          I would like to get a written report for you all to
25  study it in anticipation of the hearing.  You have a right to

1  that, but then after we get the report we'll have the hearing.
2         MR. MONTGOMERY:  And, Your Honor, I think in terms of
3  the video conferencing that you're referring to, Mr. Lemoine
4  also would be available to testify.  Rather than having to writ
5  him down here and delay the proceedings further, I would
6  recommend that as well.
7         THE COURT:  I appreciate that, because that will save a
8  lot of expense as well.  Perfect.
9         So we're all on the same page, this is how I plan to
10 proceed.
11        Number one, I have ordered, you're going to file your
12 subpoena duces tecum.
13        MR. MONTGOMERY:  Yes.
14        THE COURT:  It's returnable on July the 16th.  We're
15 going to have a status conference the following week.
16        Now, as soon as I get the return on the subpoena duces
17 tecum, I'm assuming I'm going to get it without any problems.
18 If have problems with it, the Court will issue a rule to show
19 cause, so that we will get someone from the sheriff's office
20 here to give me the legal justification for them not complying
21 with my order, or if they file a motion to quash, we'll take
22 that up posthaste, and obviously you'll be notified.
23        Now, once we get the documents, I will immediately
24 forward them to Rochester for evaluation and I will order, not a
25 hearing in 30 days, I'm going to order the report, a complete

```
 1  evaluation and the report that will be sent to you all and to me
 2  within 30 days, so that you all will be able to get a handle on
 3  it, and then we will have a hearing within 30 days of that time
 4  at which time Mr. Lemoine will testify, if you'd like for him
 5  to, via teleconference and we will have the person writing the
 6  report and any other witnesses obviously that you wish to call.
 7            MR. MONTGOMERY:  Thank you, Your Honor.
 8            THE COURT:  And we will do that on that date.
 9            MR. MONTGOMERY:  Pretty good.
10            THE COURT:  Fair enough?  Thank you all.
11            The hearing on the Omnibus discovery, actually I've
12  ruled on it already today on that, so that's moot.
13            MR. MONTGOMERY:  I think within that Omnibus motion was
14  a hearing for conditional release, and I think we've postponed
15  that, continued it indefinitely until we receive these reports.
16            THE COURT:  Yes.  I don't like to use the word continue
17  indefinitely.  We'll just say continue to be reset at a future
18  status conference.
19            Now, if get the return on the subpoena duces tecum
20  earlier than later, expect a phone call from me and maybe we can
21  move this up a little bit.
22            MR. MONTGOMERY:  Thank you, Your Honor.  That would be
23  excellent.
24            THE COURT:  Thank you all.
25            *         *         *         *         *
```

C E R T I F I C A T E

     I, Victor D. Di Giorgio, Official United States Court Reporter in and for the Eastern District of Louisiana, do hereby certify that the foregoing proceedings were taken down by me in shorthand at the time and place aforesaid, transcribed under my personal direction and supervision, and that the preceding pages represent a true and correct transcription, to the best of my ability and understanding.

                                S/Victor D. Di Giorgio
                                Victor D. Di Giorgio, CCR
                                Official U.S. Court Reporter